The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:23-cr-00058-RAJ |
| Plaintiff, | ORDER |
| v. | |
| MARIA GEORGIANNA PALM, | |
| Defendant. | |

## I.   INTRODUCTION

THIS MATTER comes before the Court on Defendant Maria Georgianna Palm ("Ms. Palm")'s Motion *in Limine* to Admit Statements of a Party Opponent. Dkt. # 105. Plaintiff United States of America ("the Government") filed a Response, to which Ms. Palm replied. Dkt. ## 121, 132.

For the reasons set forth below, the Court **GRANTS** Ms. Palm's Motion, subject to the limitations described, *infra*.

## II.   BACKGROUND

On April 19, 2023, a grand jury returned a four-count indictment charging Brandon Denzel Washington ("Mr. Washington") with various crimes relating to sex trafficking of two women through force, fraud, and coercion. Dkt. # 1. In its memorandum in support of Mr. Washington's detention, the Government outlined the relationship between Mr. Washington and Ms. Palm, stating that Mr. Washington rented Ms. Palm a luxury

ORDER - 1

apartment in Bellevue and that he featured her in advertisements soliciting commercial sex, which were posted in cities all over the country. Dkt. # 105-2 at 7. Later, in its Response to Mr. Washington's motion to re-open detention, the Government referred to Ms. Palm as "a victim." Dkt. # 105-3 at 5-7.

By January 2024, the Government's view of Ms. Palm had shifted from that of a victim to a co-conspirator, a result of new information learned during the course of the investigation, specifically in a report documenting the contents of Mr. Washington's cellphone. *See generally* Dkt. # 105-4. The Government explained that "the evidence is both robust and clear that [Ms. Palm] is or was a prostitute, that Washington was her pimp, and that she was fully involved in his activities." *Id.* at 1-2.

Ms. Palm now moves to introduce certain statements, both oral and written, made by Assistant United States Attorney Erin Becker characterizing Ms. Palm as a victim. The instant Motion seeks that the Court admit into evidence (1) one oral and two written Government statements describing Ms. Palm as "a victim," (2) another statement that identifies Ms. Palm as "a woman whom [Mr. Washington] pimped out over a period of five years," and (3) a statement that Ms. Palm was "controlled by" Mr. Washington. Dkt. # 105 at 2-3.

### III.  LEGAL STANDARD

"The court must decide any preliminary question about whether . . . evidence is admissible." Fed. R. Evid. 104. Motions *in limine* are procedural mechanisms by which the court can make evidentiary rulings in advance of trial, often to preclude the use of unfairly prejudicial evidence." *United States v. Heller*, 551 F.3d 1108, 1111-12 (9th Cir. 2009); *Brodit v. Cambra*, 350 F.3d 985, 1004-05 (9th Cir. 2003). "Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1980). Motions *in limine* may be used to exclude or admit evidence in advance of trial. See Fed. R. Evid. 103; *United States v. Williams*, 939

ORDER - 2

F.2d 721, 723 (9th Cir. 1991) (affirming the district court's ruling *in limine* that the prosecution could admit impeachment evidence under Federal Rule of Evidence 609).

Judges have broad discretion when ruling on motions *in limine*. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002); *Trevino v. Gates*, 99 F.3d 911, 922 (9th Cir. 1999) ("[t]he district court has considerable latitude in performing a Rule 403 balancing test and we will uphold its decision absent clear abuse of discretion."). "*In limine* rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 528 U.S. 753, 758 n.3 (2000); *accord Luce*, 468 U.S. at 41) (noting that *in limine* rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner).

## IV.  DISCUSSION

### A.  Hearsay Exception

The Court first considers whether the Government's statements constitute admissions of a party opponent and thus are an exception to the rule prohibiting hearsay testimony. Pursuant to Federal Rule of Evidence 801, a statement offered against an opposing party is not hearsay if the statement: (i) was made by the party in an individual capacity; (ii) is one the party manifested that it adopted or believed to be true; and (iii) was made by the party's agent or employee on a matter within the scope of that relationship and while it existed. Fed. R. Evid. 801(d)(2)(B, D).

The Government does not appear to contest that the statements are admissions by a party opponent. The Court finds the statements subject to this hearsay exception, but disagree with Ms. Palm that this is a "clear" issue, especially considering the lack of Ninth Circuit law on the matter. *See* Dkt. # 105 at 4. The Court defers to a ruling in this District elucidating the following:

> The Ninth Circuit has not decided whether statements by federal Government attorneys qualify as admissions by party opponents under Rule 801(d)(2). However, many sister circuits have recognized that, under the rules for admissions by party opponents, a defendant

ORDER - 3

>   may offer statements that Government attorneys make . . . [w]e can find no authority to the contrary or reason to think otherwise.

*United States v. Garg*, No. 2:21-cr-00045-JCC, 2023 WL 8281668, at *2, 3 n.3 (W.D. Wash. Nov. 30, 2023). Indeed, the First Circuit has held that "the Federal Rules clearly contemplate that the federal government is a party-opponent of the defendant in criminal cases." *United States v. Kattar*, 840 F.2d 118, 130-31 (1st Cir. 1988) (quoting *United States v. Morgan*, 581 F.2d 933, 937 n.10 (D.C. Cir. 1978)).

Whether the Government made these statements before charging Ms. Palm is immaterial. The Court will remain consistent with other federal forums in finding that the statements in question are admissions by a party opponent subject to the hearsay exception.

### B.  Concerns Regarding Relevance and Unfair Prejudice

The Court next addresses the Government's primary concern that the statements are not relevant and, if admitted, would both confuse the jury and be unfairly prejudicial. Evidence is relevant if: "(a) it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401(a-b). Overriding any admissibility concern is Federal Rule of Evidence 403, which provides that if the probative value of evidence is substantially outweighed by the dangers of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence," then this evidence might be excluded. Fed. R. Evid. 403.

The Court finds Ms. Palm's citation to a case heard in another forum within this Circuit instructive on the matter. In that case, which involved bank fraud, the Government claimed the crimes were part of a conspiracy with another defendant. The defendant in question sought to introduce a statement made during the closing arguments in the co-defendant's trial that the defendant "was a young man who is being used by the [co-defendant]." *United States v. Bakshinian*, 65 F. Supp. 2d 1104, 1105 (C.D. Cal. 1999). The statement was ruled admissible, and this Court agrees with Ms. Palm that the idea of

ORDER - 4

"being used by" a co-defendant "is nearly a mirror image to the statements by the government here, that Ms. Palm was 'controlled by' or 'pimped out' by Mr. Washington." Dkt. # 132 at 3-4.

Both cases thus present theories of victimization, which is critical and thus directly relevant to the elements of Conspiracy to Commit Sex Trafficking by Force, Fraud, or Coercion, as this offense requires the Government to prove that Ms. Palm acted willfully. The evidence is relevant, as a jury could reasonably conclude that Ms. Palm, who was categorized as a "victim of" and being "controlled by" Mr. Washington, did not act willfully in committing the charged offense. For that same reason, the evidence survives any Rule 403 concerns, buttressed by the Court's ruling below that the rule of completeness applies in this context.

### C.   Rule of Completeness

The Government posits that should the Court admit the statements describing Ms. Palm as a victim, it should also admit statements describing her as a perpetrator of sex trafficking under the rule of completeness. The Court agrees. Where a party "introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part—or any other statement—that in fairness ought to be considered at the same time." Fed. R. Evid. 106. "The adverse party may do so over a hearsay objection." *Id*.

The Court finds that preventing the admission of the Government's statements describing Ms. Palm as a co-conspirator would contravene principles of judicial fairness and equity. Ms. Palm raises a concern in her Reply that the Government would abuse this privilege by introducing other statements, whether they be writings or recordings, beyond that from which the portion of the particular statement was drawn. Dkt. # 132 at 7. The Government's Response should assuage Ms. Palm of such a concern, because it seeks to introduce statements from the exact same pleadings Ms. Palm desires to be admitted. Dkt. # 121 at 9-11. Given that the statements in pages 9-11 of the Government's Response derive from the same pleading, they are admissible under the rule of completeness, because

ORDER - 5

they provide context and a complete representation of the record. However, the Court instructs the Government to proffer any statements it seeks to introduce not already identified in its Response to Ms. Palm's Motion so it can determine if they are admissible.

## V. CONCLUSION

Based on the foregoing reasons, the Court **GRANTS** Defendant Maria Georgianna Palm's Motion *in Limine* to Admit Statements of a Party Opponent. Dkt. # 105. The Court further **ORDERS** that the statements identified in pages 9-11 of the Government's Response shall also be admissible. The Government is **INSTRUCTED** to proffer any statements it seeks to introduce beyond those already identified.

DATED this 30th day of January, 2025.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge