HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MARIA GEORGIANNA PALM,<br><br>　　　　　Defendant. | CASE NO. 2:23-cr-00058-RAJ<br><br>ORDER ON DEFENDANT MARIA GEORGIANNA PALM'S MOTION FOR RECONSIDERATION |

## I.　INTRODUCTION

THIS MATTER comes before the Court on Defendant Maria Georgianna Palm ("Ms. Palm")'s Motion for Reconsideration. Dkt. # 197. Plaintiff United States of America ("the Government") filed a Response, and the Court did not permit the submission of a reply brief. Dkt. # 205.

For the reasons set forth below, the Court **DENIES** Ms. Palm's Motion.

## II.　BACKGROUND

On April 19, 2023, a grand jury returned a four-count indictment charging Brandon Denzel Washington ("Mr. Washington") with crimes relating to sex trafficking through force, fraud, and coercion. Dkt. # 1. In its Memorandum in Support of Mr. Washington's Detention, the Government outlined the relationship between Mr. Washington and Ms.

ORDER – 1

Palm, stating that Mr. Washington rented Ms. Palm a luxury apartment in Bellevue and that he featured her in nationwide advertisements soliciting commercial sex. Dkt. # 9 at 6. Later, in its Response to Mr. Washington's Motion to Re-Open Detention, the Government referred to Ms. Palm as "a victim." Dkt. # 30 at 6.

Ms. Palm alleged that after Mr. Washington's arrest, she contacted the Bellevue Police Department to locate him. Dkt. # 106-5 at 2–3. She then received a call from a detective who informed her that she was not in trouble but that he would appreciate her answering some questions. *Id.* at 3. After indicating she did not wish to do so, the detective told her he "would hate to see [Ms. Palm] as a codefendant." *Id*. Ms. Palm then retained Tim Rusk ("Mr. Rusk") as counsel, who coordinated primarily with former Assistant United States Attorney Erin Becker ("AUSA Becker"). *Id.* at 4–5. In a telephone call with Mr. Rusk, AUSA Becker confirmed Ms. Palm's suppositions that agents had been trying to interview her, but she agreed to have them "back off." *Id.* at 5. Ms. Palm claimed she declined an offer of victim protective services and cooperation with the government. *Id.* at 5–6.

By January 2024, the Government's view of Ms. Palm had shifted from that of a victim to a co-conspirator, a result of new information learned during the course of the investigation, specifically in a report documenting the contents of Mr. Washington's cell phone. Dkt. # 128 at 4. Recovered messages from an application called Telegram revealed conversations between Mr. Washington and Ms. Palm in which he referred to her as "my assistant pimp" and they discussed sex trafficking activities. *Id.* at 3–4. On January 10, 2024, the Government filed a Response to Mr. Washington's Motion to Modify Conditions of Appearance Bond in which it referred to Ms. Palm as a woman whom "[Mr. Washington] pimped out over a period of five years." Dkt. # 62 at 1.[1] The Government explained that "the evidence is both robust and clear that [Ms. Palm] is or was a prostitute,

---

[1] Ms. Palm submitted a letter in support of Mr. Washington's Motion. Dkt. # 59-1.

ORDER – 2

that [Mr. Washington] was her pimp, and that she was fully involved in his activities." *Id.* at 1–2. Nowhere in the pleading does the Government refer to Ms. Palm as a "victim."

That same day, AUSA Becker and Mr. Rusk had a telephone call wherein they discussed the mounting evidence against Ms. Palm. Dkt. # 128 at 5. Ms. Palm's Motion alleged there was another call between AUSA Becker and Mr. Rusk before Mr. Washington's detention hearing. Dkt. # 106 at 5. In this call, AUSA Becker supposedly told Mr. Rusk that if Ms. Palm continued supporting contact with Mr. Washington, then she would be charged as a codefendant. *Id.*[2] The Government indicted Ms. Palm on March 20, 2024, charging her with one count of Conspiracy to Commit Sex Trafficking by Force, Fraud, and Coercion, a violation of 18 U.S.C. § 1594(c). Dkt. # 70. Federal agents executed a search warrant on Ms. Palm's person on March 28, 2024, the same day Ms. Palm made her initial appearance and pleaded not guilty to the lone count in the Superseding Indictment. Dkt. # 106 at 6. Ms. Palm asked that her attorney be present during the search, but the agents did not accommodate her request. *Id.* at 7.

Ms. Palm moved to dismiss the charge against her based on vindictive prosecution. She also requested an evidentiary hearing and that the Court order discovery of certain reports and memoranda. The Court denied the Motion to Dismiss, prompting Ms. Palm to file a Motion for Reconsideration based on the Court's findings that (1) a conversation between Ms. Palm and the Bellevue Police Department had no link to any claims of prosecutorial vindictiveness and (2) there was no record of a telephone call between AUSA Becker and Mr. Rusk detailing a particular statement. Dkt. # 196 at 4–7.

### III.  LEGAL STANDARD

The Local Criminal Rules for the Western District of Washington provide that "[m]otions for reconsideration are disfavored," and the Court "will ordinarily deny such

---

[2] The Government asked current defense counsel whether Mr. Rusk documented the telephone call, and to date no such documentation has been provided, an issue discussed in greater detail, *infra.*

ORDER – 3

motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCrR 12(b)(13)(A). The motion "shall point out with specificity the matters which the movant believes were overlooked or misapprehended by the court, any new matters being brought to the court's attention for the first time, and the particular modifications being sought in the court's prior ruling." LCrR 12(b)(13)(B).

## IV.  DISCUSSION

### A.  Conversation with Bellevue Police Department

In her Motion to Dismiss, Ms. Palm claimed that a detective from the Bellevue Police Department told her that he would "hate to see [Ms. Palm] as a codefendant" after she declined an interview. Dkt. # 106 at 2. The only evidence of this phone call derives from Ms. Palm's self-serving declaration. Although Ms. Palm avers that Federal Rule of Civil Procedure 56(e)(2) compels the Court to consider the declaration as fact, she not only misreads the rule's plain language, but also overlooks the Court's ruling. The Court found that *even assuming* the phone call occurred, it was not relevant to any alleged misconduct by AUSA Becker. The detective made the comment almost a year before the Government filed charges against Ms. Palm, and nothing in the record shows any link between the call and any potential claim of vindictive prosecution.

### B.  Telephone Call Between AUSA Becker and Mr. Rusk

The Court did not commit manifest error when finding that counsel for Ms. Palm did not provide documentation of a telephone call between AUSA Becker and Mr. Rusk. As outlined in the Government's Response, the Government specifically requested notes from a call during which AUSA Becker allegedly told Mr. Rusk that "if Ms. Palm continued supporting contact with Mr. Washington, she would charge Ms. Palm as a codefendant." Dkt. ## 106 at 5; 128-1 at 2–3. Although counsel for Ms. Palm produced notes relating to a telephone call that took place on January 10, 2024, the notes only reflect AUSA Becker explaining that the Government was "essentially considering charges." Dkt.

ORDER – 4

# 128-1 at 2.  There is no reference whatsoever to AUSA Becker indicating she would charge Ms. Palm due to her support of Mr. Washington.

## V.  CONCLUSION

Based on the foregoing reasons, the Court **DENIES** Defendant Maria Georgianna Palm's Motion for Reconsideration.  Dkt. # 197.

Dated this 25th day of March, 2025.

*[signature]*

The Honorable Richard A. Jones
United States District Judge

ORDER – 5