HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

        v.

BRANDON DENZEL
WASHINGTON and MARIA
GEORGIANNA PALM,

        Defendants.

Case No.  CR23-00058 RAJ

ORDER ON DEFENDANT
PALM'S DISPUTED MOTIONS *IN LIMINE*

## I.   INTRODUCTION

THIS MATTER is before the Court on Defendant Palm's Disputed Motions *In Limine.* Dkt. #290.  Having considered the motions, Government's response (Dkt. #308,) Defendant's Reply (Dkt. #321,) and the files and pleadings herein, the Court makes the following determinations.

ORDER - 1

## II.    DISCUSSION

### A.    Cross examination of "Sugar Daddy" witnesses

Defendant Palm seeks to cross-examine three prospective witnesses, DF, MD, and BP, about their involvement with AV1 or AV2, and specifically whether their involvement constituted various crimes, the criminal charges they might have faced, and the potential penalties associated with those criminal charges.  Dkt. #290.

Defendant cites *United States v. Larson,* 495 F.3rd 1094 (9th Cir. 2007) as supporting the proposition that the defense is permitted to cross-examine witnesses who cooperate with the Government regarding the specific penalties they avoided by their cooperation.

The Government identifies several theories why the Defendant's cross-examination as proposed should be denied.  First, the statute of limitations had run on potentially applicable federal and state offenses and the Government concluded he had no exposure.  Second, he was not receiving any benefits and was not a cooperating witness.  Third, *Larson* is distinguishable from the facts in this court because that case involved traditional cooperating witnesses who received the benefit of a motion to reduce his sentence if he testified to the Government's satisfaction.

The Court attributes little to the fact the Government may have been aware the statute of limitations had expired as there is no indication the witness was equally aware or advised of the same.  Consequently, the benefit that may have been perceived was the fact the witness was interviewed, but no mention was made of his criminal exposure.

Turning now to *Larson*, there the jury learned that a cooperating witness stood to benefit by testifying to the Government's satisfaction.  But the jury did not learn the extent which he stood to benefit from testifying in a manner that satisfied the

ORDER - 2

Government.  There, the Court held that the jury was deprived of what would have allowed it to determine just how strong the witness' motivation was to please the Government.

Key to the Court's analysis was the fact that the witness was facing a mandatory life sentence which was of such a significant magnitude that excluding this information deprived the jury important information to evaluate the witness' credibility.  The Court agrees with the Government.  Questioning DF about specific penalties he could have faced is not relevant because he has not avoided prosecution or potential penalties because of his willingness to participate in the prosecution or testify at trial.  In examining a criminal Defendant's Sixth Amendment right to confront witnesses, one of the criteria the Court must consider is whether there were other legitimate interests outweighing the Defendant's interest in presenting the evidence. *United States v. Beardslee,* 197 F.3d 378, 383 (9th Cir. 1989). The Defendant has not provided such evidence, and the circumstances do not warrant such relief.

A legitimate interest in precluding the cross-examination of DF, is that such an examination could reveal the potential criminal charges and penalties like those potentially faced by Palm and Washington, and that would be improper.

Last, there is no indication that any of the "Sugar Daddy" witnesses were even aware of potential penalties or criminal liability.  Consequently, the Defendant has failed to suggest such examination is relevant or warranted.  Nothing has been tendered to suggest these witnesses were motivated to testify as to certain facts based on criminal liability or potential penalties.

A final comment on the applicability of *Larson* to the facts of this case.  *Larson* involved exceptional circumstances and warranted exceptional relief allowing examination of the witnesses on the sentence he faced.  The facts of the instant case are clearly distinguishable.

ORDER - 3

*Larson* involved a cooperating witness who received the benefits of plea agreement whereby the Government would file a motion to reduce a sentence as that defendant was facing a mandatory minimum sentence absent their cooperation. The facts of this case are nowhere near that scenario.

The "Sugar Daddy" witnesses were not charged with any offense, they were not cooperating witnesses to avoid prosecution and certainly not facing the magnitude of a mandatory life sentence.

The Court will, however, allow the Defendant on cross examination to ask a general question whether the Government had advised them of any criminal exposure or charges they faced. The Defendant is also permitted to inquire if the witness was aware that he faced criminal penalties, including incarceration. If the witness responds no, the inquiry must stop. If the witness responds yes, the defense must seek leave of the Court to inquire further. The Defendant is therefore not permitted to reference maximum or minimum penalties, sentencing guidelines or applicable sentencing ranges.

This ruling applies equally to BP and MB, particularly since neither have been interviewed by the Government nor are they cooperating witnesses. The Government has indicated it does not intend to call BP as a witness. Otherwise, the Defendant's motion is **DENIED**.

### B.    Cross examination of AV 1 regarding her criminal exposure

The Defendant seeks to examine AV1 regarding her exposure to possible criminal charges and penalties. This motion is denied. The Government represents she has never been informed by the Government of any potential criminal liability or penalties. Nor is she subject to any agreements with the Government as a cooperating witness. Consequently, the proposed cross-examination is not relevant to her motive to

ORDER - 4

testify or participate in the prosecution, for the same reasons as the "Sugar Daddy" witnesses.

The Court will allow the Defendant the same latitude in examination as allowed above for DF, MD, and BP.  As such, the Defendant's motion is **DENIED**.

### C. Evidence regarding Palm receiving unemployment compensation from Nevada

The Defendant's motion is granted because the Government does not intend to offer this evidence at trial.

### D.    Exclusion of the Government's sex trafficking expert

This motion is denied for the reasons stated in the Court's Order on Defendant Washington's Motions *In Limine,* section II, D.

### E.    Exclusion of testimony, text messages and argument concerning non-testifying alleged victims

As the Government has indicated an intent to introduce testimony and texts messages authored by persons not expected to be called to testify, the defendant objects. The defendant specifically objects to the admissibility of text messages found on his phone by someone other than Mr. Washington who the government claims were victims.  Dkt. #290, at 11.

Defendant Palm challenges the Government's ability to authenticate the messages and asserts that they constitute hearsay and fail to meet any recognized exception to the hearsay rules.  Dkt. 290, at 12.

The Defendant does not dispute that the text messages being challenged were on co-defendant Washington's cell phone as they were recovered pursuant to a lawful search warrant.  Assuming they can be authenticated by the witness who conducted the forensic extraction, authentication should not serve as a basis to exclude the evidence.

//

//

ORDER - 5

Next, the Court addresses the hearsay objection.  First, the Court agrees with the Government.  Washington's statements are excluded from the definition of hearsay because they are statements of a party opponent.  Fed. R. Evid. 801(d)(2)(A).  Second, any responses to the texts initiated by Washington are also admitted if they are offered not to prove the truth of the matters asserted, but to provide context for Washington's statements or to explain the subsequent actions of witnesses.  See, *United States* v. *Browne,* 834 F.3d 403, 417 n. 10 (3rd Cir. 2016).

While the Government is allowed to offer this evidence, it must undertake two things.  First, when the evidence is offered, it must clarify to the jury that the responses to the text messages are not offered for their truth, but rather to provide context for the Defendant's messages sent in response.  Second, if the evidence being offered only as to Defendant Washington, the government must provide an instruction the court can read to the jury indicating that such evidence should only be attributed to Washington and not Palm.

### III. CONCLUSIONS

For the foregoing reasons, the Court finds on the Defendant Palm's Disputed Motions *In Limine* as follows:

A. Cross examination of "Sugar Daddy" witnesses as proposed is **DENIED**.

B. Cross examination of AV 1 regarding her criminal exposure is **DENIED**.

C. Evidence regarding Palm receiving unemployment compensation from Nevada is **GRANTED**.

D. Exclusion of the Government's sex trafficking expert is **DENIED** for the reasons stated in the Court's order on Defendant Washington's Motion *In Limine,* section II, D.

//
//
//
//

ORDER - 6

E.  Exclusion of testimony, text messages and argument concerning non-testifying alleged victims is **DENIED.**

IT IS SO ORDERED.

Dated this 2nd day of February, 2026.

The Honorable Richard A. Jones
United States District Judge

ORDER - 7